EASTERN DIST.
January, 1840.

BRUMFIELD
*vs.*
MORTEE.

The vendor of personal property may produce evidence to show that the note sued on was given for the *price of certain furniture,* to enable him to enforce his privilege against it in the hands of his vendee.

Where the defendants are interrogated as to the consideration of the note sued on, and neglect to answer, their silence must be taken *pro confessis,* and it will be deemed full proof.

---

BRUMFIELD *vs.* MORTEE.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. TAMMANY, THE JUDGE THEREOF PRESIDING.

There being no grounds on which to prosecute the appeal in this case, it was considered as taken for delay, and judgment confirmed with ten per cent. damages.

The defendant was sued on his promissory note, and set up various matters in defence against the payee. He also

EASTERN DIST. interrogated the plaintiff as to the ownership of the note,
January, 1840. which showed that the plaintiff held it for the heirs of Jacob
Ott, deceased. The interrogatories were not answered.

BRUMFIELD
vs.
MORTEE.

The cause was submitted to a jury, on all the matters set up in defence, who returned a verdict for the full amount claimed. Judgment was rendered for the sum found, with five per cent. interest, and the defendant appealed.

*Hennen,* for the plaintiff, brought up an exemplification of the record after the return day, and prayed the affirmance of the judgment, with ten per cent. damages.

*Penn,* contra.

*Morphy, J.,* delivered the opinion of the court.

This suit was brought on a promissory note of three thousand seven hundred and twenty dollars. The defendant, after setting forth certain grounds of defence, which he averred to have against the payee, propounded interrogatories to the plaintiff to show that he was not the owner of the note sued on. The neglect of plaintiff to answer the interrogatories, exhibited him, in the court below, in the light of a trustee of the real owners of the note, and opened to defendant all his alleged means of defence against the latter. The jury, who tried the cause, was satisfied that they were unfounded, and gave a verdict for the plaintiff; whereupon, defendant having failed to obtain a new trial, took this appeal.

The record is brought up by the appellee, and he prays for damages in this court.

The meagre testimony adduced on the trial, the repeated affidavits for continuance, and the neglect to bring up the record, so unusual when the suitor expects to obtain the least advantage by the appeal, leave no doubt in our minds that the present one is taken only for delay.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs, and ten per cent. damages on the amount sued on.